UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

| | |
|---|---|
| SACRED HEART HEALTH SERVICES d/b/a AVERA SACRED HEART HOSPITAL, AVERA HEALTH and LEWIS & CLARK SPECIALTY HOSPITAL, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>MMIC INSURANCE, INC. d/b/a MMIC AGENCY, INC. and CONSTELLATION, INC. f/k/a MMIC GROUP, INC.,<br><br>Defendants. | 4:20-CV-4149-LLP<br><br>MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO AMEND ORDER TO CERTIFY FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B) |

---

Defendants have moved the Court to amend its Memorandum Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (Doc. 61) pursuant to 28 U.S.C. § 1292(b). Plaintiffs oppose the motion. For the following reasons, Defendants' motion is denied.

Defendants ask the Court to amend its order adding language that would certify it as immediately appealable under 28 U.S.C. § 1292(b). Generally, an order denying a motion to dismiss is not immediately appealable. *Sturgis Area Chamber of Commerce v. Littls Sturgis Rally & Races for Charity, Inc.*, Civ. No. 08-5024, 2009 WL 10722465, at *1 (D.S.D. May 20, 2009) (citing *Sch. Dist. of Kan. City v. Missouri*, 592 F.3d 493, 496 (8th Cir. 1979) (noting basic policy of postponing appellate review until after the entry of a final judgment)). But under 28 U.S.C. § 1292(b),

> When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; Provided, however, that application for an appeal hereunder shall not stay proceedings in the

1

district court unless the district judge or the Court of Appeals or judge thereof shall so order.

28 U.S.C. § 1292(b).

There is a well-established judicial policy against "piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted). "Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." *Id.* The movant "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.* "The legislative history of subsection (b) of section 1292 . . . indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide a review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam) (cited with approval in *Union Cty. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008)).

In order to certify an order for interlocutory appeal under section 1292(b), the Court must determine that: (1) the order involves a "controlling question of law"; (2) there is "a substantial ground for difference of opinion"' and (3) certification will "materially advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994). These requirements are jurisdictional and the Court of Appeals cannot allow an interlocutory appeal unless each of them is met. *Union Cty.*, 525 F.3d at 645-46. Even if the requirements are satisfied, the Court of Appeals may deny the appeal for any reason. *Id.* at 646.

## DISCUSSION

Defendant moves the Court to certify an order for interlocutory appeal on what appear to be three different issues addressed by the Court in its Memorandum Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. Specifically, Defendant argues that interlocutory appeal of the following issues is warranted under 28 U.S.C. § 1292(b): 1) whether the South Dakota Supreme Court would require a judgment in excess of policy limits to prove a bad faith claim; 2) whether an insurer has waived its rights under the "cooperation," "no voluntary payments" and "no action" provisions if the insured proves that the insurer breached its duty to give equal consideration to the interests of its insured when settling the case; and 3) whether Plaintiffs have alleged a claim for breach of duty to defend under South Dakota law.

### A. Controlling Question of Law

In order to be a "controlling question of law," the movant must show that the legal question is not a "matter for the discretion of the trial court." *Nix*, 43 F.3d at 377. A "question of law" refers to an abstract legal issue or a "'pure' question of law rather than merely to an issue that might be free from a factual contest." *Sturgis Area Chamber of Commerce*, Civ. No. 08-5024, 2009 WL 10722465, at *2 (D.S.D. May 20, 2009) (quoting *Ahrenholz v. Bd. of Tr. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)); *see also Minnesota ex rel. N. Pac. Ctr., Inc. v. BNSF Ry. Co.*, Civ. No. 08-6385, 2010 WL 11537448, at *2 (D. Minn. Sept. 30, 2010) (citing *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)). "The term 'question of law' does not mean the application of settled law to fact.'" *Sturgis Area Chamber of Commerce*, 2009 WL 10722465, at *2 (quoting *McFarlin*, 381 F.3d at 1258). An assertion that the court applied an established standard incorrectly is not sufficient to meet the requirements of § 1292(b). *Id.* (citing *Keystone Tobacco Co. Inc. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 239 (D.D.C. 2003)).

The parties dispute whether the issues raised by Defendants for immediate appeal involve controlling questions of law. Plaintiffs argue that whether they have alleged a claim for breach of a duty to defend under South Dakota law "involves an assessment of facts and their reasonable inferences that are, at a minimum, disputed by the parties." (Doc. 66 at 1003). This Court agrees. What the Court was able to discern at the motion to dismiss stage, accepting as true all facts alleged and drawing all reasonable inference in favor of Plaintiffs was that MMIC accepted LCSH's tender of defense subject to a reservation of rights and that when Plaintiffs did not agree to waive their bad faith claims against MMIC, MMIC withdrew from the settlement conference and refused to further participate in further settlement negotiations. Based upon the South Dakota Supreme Court's analysis in *Church Mutual Ins. Co. v. Smith*, 509 N.W.2d 274 (S.D. 1993), these alleged facts, if proven true, may result in MMIC being liable for a breach of the duty to defend. Because this analysis will require an examination of the facts, this issue does not involve a controlling question of law.

Plaintiffs acknowledge that the other two issues—whether an excess judgment is a required element of a bad faith claim and whether an insurer waives its rights under the "cooperation," "no action," and "no voluntary payments" clauses if it breaches its duty to give equal consideration to the insured in settlement—are more akin to legal issues. (Doc. 66 at 1003). However, Plaintiffs

contend that these issues are not "controlling questions of law" because, they argue, that "discovery, summary judgment proceedings, and trial would still proceed unimpeded on the remaining [ ] counts alleged in the Amended Complaint even if the Eighth Circuit were to accept an interlocutory appeal, credit Defendants' arguments in full, and reverse on that basis." (Doc. 66 at 1003). The other claims alleged in the Amended Complaint include a claim for breach of contract and promissory estoppel surrounding MMIC's alleged withdrawal of its $2 million settlement contribution, and a claim for deceit.

The Eighth Circuit does not appear to have defined when a question of law is "controlling." Other courts considering this issue have held that a question of law is "controlling" if "error in its resolution would warrant reversal of a final judgment or dismissal." *Watkins Inc. v. McCormick & Co.*, Civ. No. 15-2688, 2022 WL 122315, at *2 (D. Minn. Jan. 13, 2022) (quoting *Max Daetwyler Corp. v. Meyer*, 575 F.Supp. 280, 282 (E.D. Pa. 1983), *certified question answered sub nom., Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290 (3d Cir. 1985)); *see also Sturgis Area Chamber of Commerce*, 2009 WL 10722465, at *1 (citing *Hulmes v. Honda Motor Co., Ltd.*, 936 F.Supp. 195, 208 (D.N.J. 1996)); 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3930 (3d ed. Apr. 2021 update) ("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal that might have been ordered without the ensuing district-court proceedings.").

The Court concludes that whether an excess judgment is a required element of a bad faith claim and whether an insurer waives its rights under the "cooperation," "no action," and "no voluntary payments" clauses if it breaches its duty to give equal consideration to the insured in settlement are controlling questions of law. Any error by the Court in resolution of either of these issues would warrant reversal of a final judgment on the claim in question.

## B. Substantial Ground for Difference of Opinion

Determining that a "substantial difference of opinion" exists on a question of law requires a finding that "a sufficient number of conflicting and contradictory opinions" exist on the question. *Avera St. Luke's Hosp. v. Karamali, M.D.*, Civ. No. 11-1020, 2012 WL 13171765, at *2 (D.S.D. Mar. 8, 2022) (citing *Nix*, 43 F.3d at 378). With respect to questions on South Dakota law, such as those that are the subject of Defendants' motion, the Court must look to a conflict in South Dakota law, and a mere dearth in cases in South Dakota is not sufficient to grant an interlocutory

4

appeal. *See State Farm Auto. Ins. Co. v. Havemeier*, Civ. No. 18-2459, 2021 WL 838768, at *7 (D. Minn. Mar. 5, 2021) (citing *Union Cty.*, 525 F.3d at 647 (stating in its examination of an issue of Iowa law, that "[w]hile identification of 'a sufficient number of conflicting and contradictory opinions' would provide substantial ground for disagreement,' the County offered no such Iowa opinions, statute or rules. . . ."). A "substantial difference of opinion" is most readily measured in cases "directly dealing" with the specific question of law. *Avera St. Luke's Hosp.*, 2012 WL 1371765, at *2; *see also Nix*, 43 F.3d at 378, n6 (providing that the plaintiff's "citation of law concerning the general preference for broad discovery addresses one of the interests that must be balanced, but because these cases do not specifically address or balance the unique concerns with prison order and discipline, they do not create a contradiction or conflict.").

Defendants argue that there is a substantial difference of opinion under South Dakota law as to whether an insurer waives its rights to enforce the "no voluntary payments" and "no action" clauses in an insurance contract when it breaches its duty to give equal consideration to the interests of the insured during settlement, and whether an insured must obtain an excess judgment before bringing a bad faith claim. (Doc. 67 at 1024). This Court disagrees. The citation of law by Defendants concerning the general preference for enforcing insurance policies as written does not specifically address the effect of possible bad faith conduct on the part of the insurer and thus does not create a conflict. *See Nix*, 43 F.3d at 378, n6 (providing that the plaintiff's "citation of law concerning the general preference for broad discovery addresses one of the interests that must be balanced, but because these cases do not specifically address or balance the unique concerns with prison order and discipline, they do not create a contradiction or conflict."). The potential dearth of cases on these issues is not a reason to certify the issue for interlocutory appeal.

As the Court analyzed at length in its opinion, there is every indication that it is the "probability of a verdict in excess of policy limits" that is the basis of a bad faith claim under South Dakota law, not an excess verdict. The fact that South Dakota cases analyzing bad faith claims happen to involve an excess judgment against an insured who either did not or was unable to effect settlement does not mean that an excess judgment is an element of a bad faith claim, nor do such facts create a conflict under South Dakota law. There is no South Dakota court that has stated that judgment in excess of liability limits is an element of a bad faith claim. Rather, the South Dakota Supreme Court has adopted a list of factors that a factfinder may consider in its bad faith analysis

and an excess judgment is not specifically listed as a consideration. *See Kunkel v. United Sec. Co. of N.J.*, 168 N.W.2d 723, 727 (S.D. 1969).

Defendants further argue that a substantial difference of opinion exists as to the proper legal test that applies in determining whether an insurer has breached its breach of the duty to defend under South Dakota law. (Doc. 64 at 976-77). Defendants assert that there is a conflict between the South Dakota Supreme Court's decision in *Church Mutual Ins. Co. v. Smith*, 509 N.W.2d 274 (S.D. 1993) and the Honorable Judge Lange's decision in *Sapienza v. Liberty Mut. Fire. Ins. Co.*, 389 F.Supp.3d 648 (D.S.D. 2019). As the Court discussed above, based upon the South Dakota Supreme Court's analysis in *Church Mutual*, Defendants may be liable for a breach of the duty to defend. The Court finds the *Sapienza* decision to be distinguishable and not in conflict with *Church Mutual*. In *Sapienza*, the plaintiffs alleged that their insurer provided them with an "inadequate defense." *Sapienza*, 389 F.Supp.3d at 653. Plaintiffs' claim in *Sapienza* was thus akin to a malpractice claim. In analyzing whether an insurer can be vicariously liable for malpractice by defense counsel they hire, Judge Lange predicted that the South Dakota Supreme Court would apply Restatement of the Law of Liability Insurance § 12 (Am. Law Inst., Revised Proposed Final Draft No. 2, Sept. 7, 2018) which was subsequently adopted in 2019, Restatement of the Law of Liability Insurance § 12 (2019). In the present case, Plaintiffs do not allege that MMIC is liable for the malpractice of defense counsel, but rather allege facts suggesting that MMIC abandoned the defense of its insured. As such, the Court finds no conflict under South Dakota law. As the Court discussed above, this consideration will involve an analysis of the facts, and is not a purely legal question.

### C. Materially advance the ultimate termination of the litigation

Finally, certification is proper only when it will "materially advance the ultimate termination of the litigation." *Nix*, 43 F.3d at 378. When litigation will be conducted in substantially the same manner regardless of the Eighth Circuit's decision, the appeal cannot be said to materially advance the ultimate termination of the litigation. *Id.* at 378-79.

Defendants argue that if the Court's rulings on these issues were reversed on appeal, Plaintiffs' claims would be severely diminished, if not extinguished entirely. (Doc. 67 at 1029).

Defendants have not met their burden of establishing that an interlocutory appeal satisfies this third criterion. The Court notes that Plaintiffs also allege claims for breach of contract and

6

promissory estoppel with regard to the $2 million settlement contribution that was allegedly withdrawn by MMIC. In addition, Plaintiffs allege a claim for deceit. The potential damages for these additional claims are not insignificant. Further litigation would proceed on these claims regardless of how the Eighth Circuit would decide the questions that Defendants seek to certify.

If they do not ultimately prevail, Defendants will eventually have an opportunity to challenge on appeal these and other issues ruled on by the Court throughout the litigation. Defendants have not satisfied the heavy burden to demonstrate that this case is an exceptional one for which an immediate appeal is warranted.

Accordingly, it is hereby ORDERED and Defendants' Motion to Amend Order to Certify for Interlocutory Appeal and request to stay proceedings (Doc. 63) is DENIED.

Dated this 28th day of February, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK